## MOREL vs. THE STATE OF GEORGIA.

To forge the name of an acceptor to a draft or bill of exchange is not the same as to forge the name of an endorser thereof. Therefore, where an indictment charged the defendant with forging a paper endorsed by certain named persons, the endorsements being forged, when the paper was offered in evidence, and it appeared that it was not so endorsed, but that a person named in the indictment as an endorser was an acceptor, the paper was inadmissible.

February 7, 1885.

Criminal Law. Evidence. Forgery. Before Judge STEWART. Fulton Superior Court. April Term, 1884.

Morel was indicted for forgery. The indictment alleged that he falsely and fraudulently made and forged, and was concerned in " making and forging a certain order, draft and acceptance for money." Then it set out a draft at thirty days, drawn by Traynham & Ray on Johnson D. Campbell for $302.66, and alleged that it was endorsed by Johnson D. Campbell and Traynham & Ray, " said endorsements being. falsely and fraudulently forged." On. the trial, a draft was offered in evidence similar to the above, except that the name of Campbell was written. across the face of the draft, instead of being endorsed on it. This was admitted in evidence over objection. After verdict of guilty, defendant excepted.

RICHARD H. CLARK; JOHN MILLEDGE; FRANK GORDON, for plaintiff in error.

B. H. HILL, solicitor general, for the state.

JACKSON, Chief. Justice.

In our judgment, the court erred in admitting in evidence the paper alleged to be forged, because it is not the paper for forging which the defendant was indicted. He was indicted for forging a paper endorsed by Johnson D. Campbell, and Traynham & Ray, "said endorsements being falsely and fraudulently forged by said Louis D. Morel, with intent to defraud," etc. The paper admitted in evidence was not endorsed at all by Johnson D. Campbell, but was accepted by him, writing his name across the face thereof. An acceptor is an entirely different party to bill of exchange or draft from an endorser. To forge the name of an acceptor is a different offense from forging an endorser's; and when the indictment sets out in full the paper alleged to be forged *in haec verba*, that offered to prove the allegation must correspond in all material parts. The part alleged to be forged is very material. This kills the case before us.

Judgment reversed.